UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- X

SUSAN TORTORA,

               Plaintiff,

        - against -

SBC COMMUNICAT IONS, INC., SBC,
SBC DISABILITY INCOME PLAN,
AT&T DISABILITY INCOME PLAN,
AT&T INTEGRATED DISABILITY
SERVICE CENTER, SEDGWICK
CLAIMS MANAGEMENT SERVICES,
INC.,

               Defendants.

-------------------------------------------------- X

**MEMORANDUM**
**OPINION AND ORDER**

**09 Civ. 7895 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/24/10

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On August 26, 2010, plaintiff Susan Tortora ("Tortora") submitted a
motion for reconsideration of this Court's July 30, 2010 Opinion and Order
("7/30/10 Opinion"). The 7/30/10 Opinion held that defendants' denial of
Tortora's disability benefits was not arbitrary and capricious. Accordingly, I
granted defendants' motion for summary judgment, and denied plaintiff's cross-
motion for summary judgment.

Motions for reconsideration are governed by Local Civil Rule 6.3 and

1

are committed to the sound discretion of the district court.[1]  A motion for

reconsideration is appropriate where "'the moving party can point to controlling

decisions or data that the court overlooked – matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court.'"[2]  A motion

for reconsideration may also be granted to "'correct a clear error or prevent

manifest injustice.'"[3]

      The limitations imposed by Local Civil Rule 6.3 are intended to

"'ensure the finality of decisions and to prevent the practice of a losing party

examining a decision and then plugging the gaps of a lost motion with additional

matters.'"[4]  Local Rule 6.3 must be "narrowly construed and strictly applied so as

------

[1]    *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006 ) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[2]    *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

[3]    *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[4]    *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)).  *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court

to avoid repetitive arguments on issues that have been considered fully by the

Court."[5]  Courts have repeatedly been forced to warn counsel that such motions

should not be made reflexively to reargue "'those issues already considered when a

party does not like the way the original motion was resolved.'"[6]  A motion for

reconsideration is not an "opportunity for making new arguments that could have

been previously advanced,"[7] nor is it a substitute for appeal.[8]

      Tortora presents three arguments in support of her motion for

reconsideration.  None of these, however, raises an issue or provides evidence that

was overlooked in this Court's 7/30/10 Opinion.  *First*, Tortora asserts that the

reviewer tasked with assessing her neuropsychological evaluation, Dr. John P.

Shallcross, was incompetent and unqualified to do so because he is a licensed

---

on the underlying motion sought to be reconsidered.").

    [5]     *United States v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation marks omitted).  *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided").

    [6]     *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

    [7]     *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

    [8]     *See Grand Crossing*, 2008 WL 4525400, at *3.

psychologist, not a neuropsychologist.[9]  Tortora contends that his review was thus

"unlawful and arbitrary."[10]  Tortora made the same claim regarding Dr.

Shallcross's competence in her sur-reply brief to defendants' cross-motion for

summary judgment, and it was duly considered by this Court at that time.[11]  The

7/30/10 Opinion expressly noted that plaintiff "takes issue with the fact that . . .

[defendants relied] on the opinions of physician advisors who were not specialists

on her condition," and concluded that the defendants' conduct in doing so was

neither arbitrary nor capricious.[12]  Plaintiff offers no cases to suggest that the Court

erred in its determination.

　　　　　*Second*, Tortora asserts that the defendants acted arbitrarily and

capriciously in relying "upon non-treating, nonexamining medical opinion over

that of treating and examining professional opinion where the issue involved is the

plaintiff's psychological state or capacity."[13]  Tortora argues that, "in contrast to

---

[9]　　　*See* Plaintiff's Motion for Reconsideration ("Pl. Mot."), at 2.

[10]　　*Id.*

[11]　　*See* Plaintiff's Sur-Reply to Defendants' Cross Motion for Summary Judgment ("Pl. Sur. Rep."), at 3-4 (challenging Dr. Shallcross's qualifications on the grounds that, as a psychologist, he lacks the expertise to assess neurological reports).

[12]　　*Tortora v. SBC Communications, Inc., et al.*, No. 09 Civ. 7895, 2010 WL 3154566, at *8 (S.D.N.Y. July 30, 2010).

[13]　　Pl. Mot. at 3.

4

purely physical mechanical ailments, in the mental health realm[,] assessment depends heavily on the personal interview."[14] Yet the crux of Tortora's argument was explicitly rejected in the 7/30/10 Opinion, which observed that the defendants "relied heavily on . . . the reports of Tortora's own treating physicians," which included a psychologist (Dr. Howard Smith) and a neuropsychologist (Dr. Candace L. Hargett), and specifically determined that the defendants' "decision to terminate benefits was not arbitrary and capricious."[15] Nor does Tortora offer any controlling case law that the Court may have overlooked in rendering its decision.[16]

---

[14]     *Id.*

[15]     *Tortora*, 2010 WL 3154566, at *9. In any event, plaintiff's argument that defendants wrongfully denied her disability benefits on the basis of an inadequate assessment of her mental health is belied by her earlier claim that the basis of her disability was physical. *See* Pl. Sur. Repl. at 4 ("It is clear from Dr. Smith, the treating psychiatrist, that the Plaintiff's symptoms are not being caused by her psychiatric condition, but are secondary to her physical condition.").

[16]     Tortora does provide some case law to support her contention that it may be arbitrary and capricious to rely on a reviewing physician when evaluating a mental illness. *See, e.g.*, *Westphal v. Eastman Kodak Co.*, No. 05 Civ. 6120, 2006 WL 1720380 (W.D.N.Y. June 21, 2006) ("I find that in this case, in which the issue of a psychiatric disability is in dispute, it was an abuse of discretion for the Plan Administrator to rely on the opinions of two non-treating, non-examining physicians to the exclusion of the substantial evidence in the record demonstrating that the plaintiff is disabled."). *Id.* at *4. Because defendants did not solely rely on reviewing physicians, however, this case law is patently inapposite — even if it were binding on this Court, and even if Tortora's claims were not grounded in her physical disabilities.

*Third*, Tortora argues that the denial of her disability benefits is not based upon substantial evidence. The same allegation was addressed and rejected in the 7/31/10 Opinion, and Tortora offers no new information to undermine the Court's conclusion that the defendants failed to consider relevant evidence in denying Tortora's claims. Moreover, as elaborated in the 7/30/10 Opinion, "this Court cannot substitute its judgment for the Plan Administrator" — it was Tortora's burden to prove that she "is totally disabled within the meaning of the Plan" and within the defendants' "discretion to determine that there was insufficient evidence in the record to support [her] claim of disability."[17]

---

[17] *Tortora*, 2010 WL 3154566, at *9. Tortora annexed articles and documents to her reply brief on the instant motion to demonstrate her contention that her "neuropsychological evaluation results are consistent with either Chronic Fatigue Syndrome or Fibromyalgia, contrary to the use Defendants have made of the evaluation." Plaintiff's Reply in Support of Her Motion for Reconsideration, at 1. Defendants urge the Court to decline to consider plaintiff's newly produced documents because they "were not provided to the Claims Administrator during claims processing or during her appeal." 9/21/10 Defendants' Letter. I do not need to determine whether these articles may be appropriately considered given that Tortora could have produced them during the summary judgment briefing and because they are not necessary to my decision to deny reconsideration. *See Aikman v. County of Westchester*, 691 F. Supp. 2d 496, 497-98 (S.D.N.Y. 2010) ("A motion for reconsideration should be granted only where the moving party demonstrates that the court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed the court's decision."). *First*, plaintiff's own treating physicians were inconsistent in their assessment of her ailments, thus suggesting both that Tortora's ultimate diagnosis could not be unequivocally determined. *See Tortora*, 2010 WL 3154566, at *3. *Second*, in her motion for summary judgment, plaintiff "contend[ed] that [defendants'] requests for additional medical evidence to support

6

Because Tortora presents "nothing more than a distillation of the unsuccessful arguments" already rejected by this Court, and does not present any evidence that the 7/30/10 Opinion constituted either clear error or manifest injustice, reconsideration is inappropriate.[18]  Her motion for reconsideration is denied.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:       New York, New York
             September 23, 2010

_____

her disability claim were unreasonable, and that discontinuing her benefits on the basis that she failed to provide such evidence was arbitrary and capricious." *Id.* at *9.  Tortora presents no reason why she did not present the "widely available" objective data submitted to the Court to the Claims Administrator when provided an opportunity to do so.  Pl. Rep. at 2.

[18]       Defendants' Brief in Opposition to Plaintiff's Motion for Reconsideration, at 1.

7

## - Appearances -

**For Plaintiff:**

Jon Charles Lyons, Esq.
Law Office of Jon C. Lyons
53 North Duke Street, Suite 205
Lancaster, PA 17602
(717) 393-3647

**For Defendants:**

Kristine Jayne Feher, Esq.
Joshua Andrew Polak, Esq.
Elizabeth J. Sher, Esq.
Day Pitney, LLP
200 Campus Drive
P.O. Box 1945
Morristown, NJ 07962
(973) 966-8198